DAVID KAHNWEILER, Respondent, *against* ANDREW J. SMITH, as Executor of the Last Will and Testament of Alexander M. C. Smith, Deceased, Appellant.

(Decided February 7th, 1887.)

In an action to recover a balance on account of goods alleged to have been sold to defendant's testator for use of certain steamboats, it appeared that plaintiff had dealings with testator in relation to such boats, but that, at the time of the sale on the order of testator's brother, the latter had a bill of sale of such boats from the testator to himself, which was unrecorded. Plaintiff testified that he had no knowledge of such transfer. *Held,* that the question as to whom the goods were sold was one of fact for the jury, and their verdict should not be disturbed.

In such action, affidavits of the testator in regard to the ownership of the vessel were produced from the custom house and admitted in evidence over defendant's objection that they were incompetent. *Held,* that this was not erroneous, the objection being too general; and that such affidavits were admissible as declarations of the party in interest to off-set his own statement.

In an action against an executor, plaintiff made affidavit that he presented his claim in August, 1883; that defendant, about May, 1884, promised to pay it; that he presented it, with vouchers, duly verified, May 3d, 1885; and that defendant never disputed it until September 5th, 1885, when he notified plaintiff that he refused to refer it. Defendant's affidavit stated that letters testamentary were issued to him in October, 1883, and that the time to present claims expired in October, 1884; and denied any presentation until September, 1885. *Held,* that no such presentation and refusal to pay or to refer were shown as would make the estate chargeable with costs.

APPEAL from a judgment of this court entered on the verdict of a jury and from an order denying a motion for a new trial.

The action was brought to recover a balance due upon an account for goods sold and delivered to Alexander M. C. Smith in his lifetime, for the use of certain steamers alleged to have been owned by him. The defendant claims that the sale and credit were not to the deceased, but to his brother Philemon H. Smith. Alexander died after the goods had been delivered. During his life he had two brothers, namely, Andrew J. (this defendant), and Philemon H., who superintended and managed his business. The testimony shows that an order for the articles in question was received by the plaintiff. This was supplemented by a letter signed " A. M. C. Smith per P. H. Smith."

It further appeared from plaintiff's testimony that he had had dealings with A. M. C. Smith for a number of years, and that his business transactions, during all that time, had been with him personally. There was no oral evidence offered by P. H. Smith to dispute plaintiff's claim, but documentary evidence was offered showing that, about four months before the sale of the goods in question, A. M. C. Smith had given power of attorney to this defendant, authorizing him to dispose of the property of the deceased, real or personal. Under this power of attorney, dated February 17th, 1883, but not recorded until May 22d, 1885, a transfer of the steamboats involved in this litigation was made. The plaintiff averred that he never had any knowledge of this secret transfer.

*Butler, Stillman, & Hubbard,* for appellant.

*George F. Murray,* for respondent.

LARREMORE, Ch. J.— A clear question of fact was raised by the testimony and fairly submitted to the jury, whether Philemon H. Smith was the agent of A. M. C. Smith in the transactions above referred to. Upon this point a verdict

of the jury is decisive. The long interval of time that elapsed between the transfer of the boats and its public record was at least a matter of suspicion, and the jury had a right to take that fact into consideration in adjudicating the rights of the parties.

The only exception in the case that appears to deserve consideration is to the overruling of the objection to the admission in evidence of certain affidavits in regard to the ownership of the vessels produced from the Custom House. The objection to this evidence was that it was incompetent. This objection was too general in its character to avail the appellant upon this appeal. The specific ground of the objection was not stated. If it had been, the respondent might have so framed his question as to have avoided the objection. Moreover, an affidavit of ownership in a question of liability of this character, might well be held as a declaration by a party in interest to offset his own statement, or that of his legal representative in an action of this nature.

After examination of the testimony and the authorities cited in support of the claim, I do not think that costs should be awarded against the executor in this action. It is not shown that there was such a presentation of the claim and refusal of its payment or to refer it as to make the estate chargeable with costs.

To this extent the judgment should be modified, and as modified affirmed.

ALLEN and BOOKSTAVER, JJ., concurred.

Judgment modified, and as modified affirmed.